IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

Danville Division

| | |
|---|---|
| SONS OF CONFEDERATE VETERANS, ) <br> INC., and VIRGINIA DIVISION OF ) <br> SONS OF CONFEDERATE VETERANS, ) <br> INC., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> RICHARD D. HOLCOMB, ) <br> COMMISSIONER, Virginia Department ) <br> of Motor Vehicles, ) <br> ) <br> Defendant. ) | Civil Action No. 7:99-CV-00530 -- JLK |

**MEMORANDUM OF LAW**
**IN SUPPORT OF PLAINTIFFS' RESPONSE TO**
**MOTION TO VACATE JUDGMENT AND TO DISSOLVE INJUNCTION**

COME NOW the Sons of Confederate Veterans, Inc., and Virginia Division of Sons of Confederate Veterans, Inc., Plaintiffs herein (collectively, the "SCV") who make and file this, their Memorandum of Law in Support of Plaintiffs' Response to Motion to Vacate Judgment and Dissolve Injunction (the "Motion") filed by Richard D. Holcomb, Commissioner, Virginia Department of Motor Vehicles ("Defendant"), and in support whereof would respectfully submit unto this Honorable Court the following:

1

# I.
# Introduction

Due to the recent, tragic shooting in Charleston, South Carolina, a well-orchestrated campaign has escalated to eliminate the Confederate battle flag and all Southern symbolism from public view. As stunning to all this event was, however, it was *not* caused by the Confederate battle flag, and a ban on the display of the flag would *not* have prevented it. Despite this stark reality, due to a display of the Confederate battle flag by the perpetrator, and a vocal public outcry to purge racism, there is a strong governmental push to now remove the flag, no matter where or why or how it is displayed.

Unfortunately, the United States Supreme Court issued its opinion in *Walker v. Texas Division, Sons of Confederate Veterans, Inc.*, ___ U.S. ___, 135 S.Ct. 2239 (2015) just one day after the heartbreaking event in Charleston, South Carolina. While the Supreme Court makes no reference to the public sentiment regarding the Confederate battle flag in its opinion, the public debate on the subject has heightened in recent years, and even more so after the Charleston shooting. Now, the Defendant seeks to vacate this Court's 2001 judgment based on the holding in *Walker*.

The SCV asks this Court to deny such a request. Different states have passed a variety of laws and regulations regarding the processes to obtain a specialty license plate, and whether or not a specialty license plate amounts to government speech depends entirely upon the specialty plate process employed by that particular state. The laws of the Commonwealth of Virginia are very different than those enacted by the state of Texas, and as shown below, those differences are more than sufficient to distinguish this Court's original and correct judgment, from the application of the *Walker* decision.

## II.
## Procedural Background

On January 8, 2001, this Court entered its opinion and judgment enjoining Defendant from enforcing a portion of a Section 46.2-746.22 of the Virginia Code that expressly prohibited SCV members from displaying a logo or emblem in the design of license plates issued by the State of Virginia. *Sons of Confederate Veterans, Inc. v. Holcomb*, 129 F.Supp.2d 941 (W.D. Va. 2001). On April 29, 2002, the Fourth Circuit Court of Appeals affirmed this Court's judgment, *Sons of Confederate Veterans, Inc. v. Commissioner of the VA. Dep't of Motor Vehicles*, 288 F.3d 610 (4th Cir. 2002), and denied a motion for rehearing en banc. *Sons of Confederate Veterans, Inc. v. Commissioner of the VA. Dep't of Motor Vehicles*, 305 F.3d 241 (4th Cir. 2002). As a result, the last sentence of Section 46.2-746.22 has not been enforced by the Virginia Department of Motor Vehicles for over fourteen years, and SCV members have been able to display their organization's official logo that incorporates the Confederate battle flag on their specialty license plates.

On June 18, 2015 the United States Supreme Court issued its opinion in *Walker v. Texas Division, Sons of Confederate Veterans, Inc.*, ___ U.S. ___, 135 S.Ct. 2239 (2015) holding Texas' specialty license plate design constituted "governmental speech," and thus, Texas consequently was entitled to refuse to issue plates featuring the SCV's proposed license plate design. *Id.* at 2254. Now, Defendant moves pursuant to Rule 60(b) of the Federal Rules of Civil Procedure to vacate this Court's prior judgment based on the Supreme Court's holding in *Walker*.

## III.
## Argument and Authorities

**A.     Defendant's Burden Under the Rule 60(b) Standard**

The Defendant relies on Rule 60(b)(5) and (6) of the Federal Rules of Civil Procedure as the procedural mechanism to vacate this Court's prior judgment. Rule 60(b) provides that on motion and just terms, the court may relieve a party from a final judgment, order or proceeding if the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated or applying it prospectively is no longer equitable or any other reason that justifies relief. Fed. R. Civ. Pro. 60(b)(5),(6).  A court may grant a Rule 60(b)(5) motion when the party seeking relief from an injunction or consent decree can show a change in either statutory or decisional law with the filing of a Rule 60(b)(5) motion. *Agostini v. Felton*, 521 U.S. 203, 215, 117 S.Ct. 1997 (1997).  It is appropriate to grant a Rule 60(b)(5) motion "if the court is convinced that [its prior decision] is clearly erroneous and would work a manifest injustice." *Id*. at 236.  As the party seeking relief, the Defendant must bear the burden of showing that Rule 60(b)(5) applies.  *Frew v. Janek*, 780 F.3d 320, 327 (5th Cir. 2015); *L.J. v. Wilbon*, 633 F.3d 297, 311 n. 9 (4th Cir. 2011).

**B.     The Application of the *Walker* Holding Depends on the States' Specialty License Plate Laws**

The Defendant moves to vacate this Court's prior judgment based solely on the Supreme Court's recent decision in *Walker*.  Defendant argues that this Court's decision to grant the SCV's summary judgment, and the Fourth Circuit's decision to affirm summary judgment, were based primarily on the determination that the specialty plates in this instance constituted private speech and not government speech. Motion, pgs. 4-5. Thus, Defendant argues that the legal basis for both this Court and the Fourth Circuit's decisions has been overruled by *Walker.*  Motion, pg. 5. However,

4

Defendant is applying the holding in *Walker* too broadly. In *Walker,* the Supreme Court held that *Texas* specialty plates, as a result of *Texas law,* exhibited government speech. *Walker*, 125 S.Ct. at 2253. The Texas and Virginia specialty plate statutes are very different, and these differences are sufficient to prevent the holding of *Walker* from applying to this case.

### 1. The Texas Specialty Plate Statutes Give the Board Authority to Approve or Deny Specialty Plate Designs

In Texas, the Texas Department of Motor Vehicles offers three processes for specialty license plates. *Walker*, 135 S.Ct. at 2244. The state legislature may specifically call for the development of a specialty license plate, Tex. Transp. Code 504.602-504.663; the Texas Board of Motor Vehicles (the "Texas Board") may approve a specialty design proposal that a state-designated private vender has created, Tex. Admin. Code §§ 504.6011(a), 504.851(a); or the Texas Board may create a new specialty license plate on its own initiative or on receipt of an application from a nonprofit entity seeking to sponsor a specialty plate. Tex. Admin. Code § 504.801(a),(b). *Walker* involved the third process for specialty plates. *Walker*, 125 S.Ct. 2244.

Section 504.801 provides that the nonprofit must include a draft design of the specialty license plate and "Texas law vests in the Board authority to approve or to disprove an application." *Id.* Section 504.801(c) expressly states the Texas Board may refuse to create a new specialty plate for a number of reasons including if the design might be offensive to any member of the public or for any other reason established by rule. *Walker*, 125 S.Ct. 2245; *see also* Tex. Transp. Code § 504.801(c). In *Walker*, the Texas Board denied the SCV's application which included a draft design because "public comments ha[d] shown that many members of the general public find the design offensive, and because such comments are reasonable." *Walker*, 125 S.Ct. 2245. Thereafter, the SCV

5

filed suit for a violation of the Free Speech clause of the First Amendment based on the Board's denial. *Id.*

### 2. **The Virginia Specialty License Plate Statutes Do Not Leave the Same Discretion to the State**

The Virginia General Assembly enacted Section 46.2-725 of the Virginia Code to allow for individuals, groups, entities or organizations to follow a set of issuance requirements to obtain a specialty license plate that reflects the individuals', groups', entities' or organizations' opinions or membership affiliations. Va. Code § 46.2-725(a). The statute provides no authority to the state legislature or the Virginia Department of Motor Vehicles to otherwise approve or deny an application. *Id*.

In 1999, the Virginia General Assembly enacted a specialty license plate statute allowing for SCV specialty license plates for applicants who could show they were members of the SCV. Va. Code § 46.2-746.22. In accordance with Section 46.2-725, the SCV complied with all the issuance requirements, and the General Assembly passed a statute allowing for SCV specialty license plates. Va. Code § 46.2-746.22. The statute provides as follows:

> On receipt of an application therefor and written evidence that the applicant is a member of the Sons of Confederate Veterans, the Commissioner shall issue special license plates to members of the Sons of Confederate Veterans. No logo or emblem of any description shall be displayed into the design of license plates issued under this section.

Va. Code § 46.2-746.22. This statute was like none of the other specialty license plate statutes enacted by the Virginia General Assembly, in that it expressly prohibited SCV members from displaying any logos or emblems in the design of their specialty license plates. However, Sections

6

46.2-725 and 46.2-746.22 *do not* provide the government with any authority or discretion to approve or deny the applicant's actual *design*.

### 3. The Lack of Discretionary Authority in Approving the Design Amounts to Private Speech

Therefore, this Court's decision in this matter is still good law, despite the holding in *Walker*, because the specialty license plate designs *are not* judged by the government. Since there is no authority or discretion exercised by the government in approving the specialty license plates' design, the confusion as to who is the speaker discussed in the *Walker* case is not present in Virginia. The Supreme Court expressly points to the direct control Texas maintains over the messages conveyed on its specialty plates. *Walker*, 135 S.Ct. at 2249. The effective control that the state of Texas exerts over the design selection process was a key reason why the Supreme Court held the Texas specialty license plates amounted to government speech. *Id*. at 2251. In Virginia, however, there are no statutes that authorize a review of the applicant's design by a governmental agency to determine whether the design is offensive to the public or should be denied for any other reason established by rule. Thus, the government is not judging the speech. The specialty license plate design does not become the speech of the government but remains that of the applicant. There is no confusion in this case as there was under the statutes in *Walker* as to who is speaking through the specialty license plates. Accordingly, Defendant has failed to demonstrate that the holding in *Walker* should in turn vacate the judgment in this case because Virginia law and the facts of this case are clearly distinguished from that of *Walker's* Texas-centric decision.

## IV.
## Conclusion

In the wake of the terrible events in Charleston, South Carolina, the United States Supreme Court issued its opinion in *Walker* regarding Texas' specialty license statute. The Supreme Court held that under a *Texas statute*, that state's specialty license plate designs were government speech. The SCV respectfully disagrees with the Supreme Court's holding there and still maintains that all specialty license plates constitute private speech. However, based on the Supreme Court's express reasoning in the *Walker* case, the SCV urges this Court not to read *Walker* so broadly as to automatically apply to *all* state specialty license plates cases, particularly this one in the Commonwealth Virginia. As shown herein, the Texas specialty license plate statute provides the Texas Board with authority to approve or decline a proposed license plate design which interjects a level of approval by the state government that the Virginia specialty license plate statutes do not. This distinction is significant, and is sufficient to distinguish the holding in *Walker* from conflicting with this case. Accordingly, Defendant's Motion should be denied.

WHEREFORE, the Sons of Confederate Veterans, Inc., and Virginia Division of Sons of Confederate Veterans, Inc., pray that the Defendant's Motion to Vacate Judgment and Dissolve Injunction be DENIED, for the reasons as set forth herein; and also pray for such other and further relief, general or special, in law or in equity, to which it may prove itself to be justly entitled.

       Respectfully submitted,

       SONS OF CONFEDERATE VETERANS, INC.,
       and VIRGINIA DIVISION OF SONS OF
       CONFEDERATE VETERANS, INC.


       By: _____/s/_____

       Fred D. Taylor
       Virginia State Bar Number 77987
       Bush & Taylor, P.C.
       160 West Washington Street
       Suffolk, Virginia 23434
       Telephone:  757-935-5544
       Fax:  757-935-5533
       E-Mail:  fred@bushtaylor.com
       *Counsel for Plaintiffs*

Kirk D. Lyons
Texas Bar Number 12743500
Southern Legal Resource Center, Inc.
90 Church Street
P.O. Box 1235
Black Mountain, North Carolina 28711
Telephone:  828-669-5189
Fax:  828-669-5191
E-Mail:  kdl@slrc-csa.org
*Counsel for Plaintiffs Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2015, a true copy of this document was filed electronically with the Clerk of the Court using the CM/ECF system, which will then send an electronic notification to the Defendant's counsel of record.

_____/s/_____
Fred D. Taylor