IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Danville Division

| | | |
|---|---|---|
| SONS OF CONFEDERATE VETERANS, INC., and VIRGINIA DIVISION OF SONS OF CONFEDERATE VETERANS, INC., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 7:99-CV-00530 -- JLK |
| RICHARD D. HOLCOMB, COMMISSIONER, Virginia Department Of Motor Vehicles, | ) ) ) ) ) | |
| Defendant. | ) | |

**REPLY MEMORANDUM IN SUPPORT OF**
**DEFENDANT'S MOTION TO VACATE JUDGMENT AND TO DISSOLVE INJUNCTION**

The Plaintiffs' ("SCV") opposition to Defendant's motion boils down to a single argument: that the Supreme Court's decision in *Walker v. Texas Division, Sons of Confederate Veterans, Inc.*, No. 14-144, 135 S. Ct. 2239 (U.S. June 18, 2015), does not apply because Texas's method of approving specialty license plates differs from Virginia's. According to the SCV, in Virginia "specialty license plate designs *are not* judged by the government" because no government agency "determine[s] whether the design is offensive to the public or should be denied for any other reason established by rule." Memorandum of Law in Support of Plaintiffs' Response to Motion to Vacate Judgment and to Dissolve Injunction ("Opp. Br.") at 7, ECF 56. Thus, the SCV's argument goes, a message on a specialty license plate in Virginia "does not become the speech of the government but remains that of the applicant." *Id.*

That argument misses the elephant in the room. Although Virginia has not chosen to create a board to review plate designs, as Texas has, it does not follow that the government exercises no

discretion over the speech content of license plates. To the contrary, the General Assembly alone approves the creation of a specialty plate. *See* Va. Code Ann. § 46.2-725(B) (2014). And it has expressly committed governmental discretion over plate design to the DMV Commissioner—except when it chooses to exercise that discretion itself, as it did here.

*As the* Fourth Circuit recognized, the "Virginia statute that created the special license plate program gives the Commissioner authority to 'prescribe' the design of any special plate, stating that 'all special license plates issued pursuant to this article shall be of designs prescribed by the Commissioner . . . .'" *Sons of Confederate Veterans v. Holcomb*, 288 F.3d 610, 614 (2002) (quoting Va. Code § 46.2-725(B)(3)). Indeed, the court pointed out, Code § 46.2- 725 does not "merely create discretion in the Commissioner to approve or reject plate designs; it also lays out substantive standards for those plate designs." *Id*. The record in this case also showed that "special plate designs ordinarily are settled upon by a cooperative process between the Commissioner . . . and the group authorized to receive a special plate," and that the group must comply with "Special License Plate Design Criteria" that are provided to it. *Id. See also* Va. Code Ann. § 46.2-725 (B)(3)) (requiring that designs have unique letters and numbers, be clearly distinguishable from any other license plate, and be readily identifiable by law enforcement). Generally speaking, then, once the legislature authorizes a specialty plate, Virginia's editorial control over special plate designs is exercised by the DMV Commissioner.

In this case, however, the General Assembly itself spoke directly to the SCV plate design by explicitly prohibiting, in Code § 46.2-746.22, any logo or emblem from appearing on the SCV plate. This legislative mandate by the General Assembly undisputedly exercised governmental control over the content of the plate, choosing not to permit a Confederate battle flag symbol that would connote governmental endorsement of that image. The SCV erroneously asserts that Code

2

§§ 46.2-725 and 46.2-746.22 "*do not* provide the government with any authority or discretion to approve or deny the applicant's actual *design*," Opp. Br. at 7, but that's exactly what the prohibition accomplished. Because the General Assembly had specifically prohibited logos or emblems from the SCV plate, any design that included a logo or emblem would have to be denied. Indeed, Code § 46.2-746.22 would leave the Commissioner no discretion *but* to deny it. Thus, there is no merit to the SCV's argument that Texas's specialty license plates were government speech, but Virginia's plates are private speech.

Indeed, the trivial difference in the methods by which Texas and Virginia exercise editorial control over plate design is immaterial, given the Supreme Court's ultimate conclusion that license plates constitute government speech. *See Walker*, 135 S. Ct. at 2248 ("The history of license plates shows, that insofar as license plates have conveyed more than state names and vehicle identification numbers, they long have communicated messages from the States."). The *Walker* Court explicitly found that regardless of the specialty plate at issue—whether it promotes a private organization (the SCV), a charitable cause ("Texans Conquer Cancer"), a state university ("University of Texas") or even an out-of-state university ("University of Iowa")—the message is not private speech when it appears on a government-issued plate. *See id.* The majority arrived at that conclusion despite the dissenting justices' skepticism that such plates expressed "the views of the State of Texas and not those of the owners of the cars." *Id.* at 2255 (Alito, J., joined by Roberts, C.J., Scalia, Kennedy, JJ., dissenting) (questioning whether the slogan "I'd rather be golfing" expressed the official policy of the State

As in Texas, license plates in Virginia have long been used as a form of government communication; the plates are customarily closely associated with the State and used as a form of State identification. Virginia's license plate program dates back to 1906, when the Commonwealth

3

first required drivers to have a license plate attached to their vehicles. *See* Virginia Department of Motor Vehicles, *License Plate Study: An Assessment of the Current State of License Plates and Their Potential to Promote Public and Highway Safety and to Contribute to Transportation Funding in Virginia* (Nov. 9, 2012) [hereinafter DMV License Plate Study], Appendix E, at 54, available at http://leg2.state.va.us/dls/h&sdocs.nsf/By+Year/RD3832012/$file/RD383.pdf (last visited July 14, 2015). Beginning in the 1970s, Virginia began to issue its first specialty license plates, starting with plates for volunteer emergency workers. *See* Va. Code §§ 46.2-735, 46.2-736. In 1975, the General Assembly created the first specialty plate available to the general public, a "bicentennial" plate featuring a bust of George Washington surrounded by thirteen red stars to signify the thirteen original colonies. Va. Code § 46.2-727; DMV License Plate Study at 33-34. Virginia has remained active in issuing specialty plates and "has the premier special license plate program in the nation." DMV License Plate Study at 5. As of July 1, 2012, Virginia had approved and made available over 250 types of specialty plates, leading the Commonwealth to "boast[] the highest saturation rate of special plates of all states." *Id.* Virginia's program has always served a purpose of communicating messages to the people of the Commonwealth. In 2007 the Commonwealth "honored our founding of America at Jamestown" with a new plate, and as recently as 2013, the Commonwealth changed its standard-issue plate in order to promote Virginia's business and tourism. The standard-issue plate now includes the state motto, "Virginia is for Lovers." *See* Press Release, Virginia Department of Motor Vehicles, Governor **McDonnell Unveils New 'Virginia is for Lovers' License Plate (Dec. 5, 2013),** *available at* https://www.dmv.virginia.gov/general/#news/news.asp?id=7785 (last visited July 15, 2015).

   Finally, license plates serve the critical governmental purpose of identifying the individual vehicle to the government. They identify the vehicle and driver not only to law enforcement, but

4

also to tolling authorities and to local Commissioners of Revenue. DMV License Plate Study at 1. Every plate, regardless of the kind of vehicle to which it is attached, must bear the State name and a unique identification number as well as registration stickers to identify when the vehicle was last registered with DMV. *See* Va. Code § 46.2-712(A). Furthermore, each license plate, regardless of to whom it has been issued, remains the property of the Commonwealth. Va. Code § 46.2-713.

In light of *Walker*'s broad holding, these facts, coupled with the discretion over license-plate issuance and design exercised directly by the General Assembly and the Commissioner, eliminate any meaningful claim that Virginia's specialty plates are not government speech. *Walker*'s holding thus controls here.

## CONCLUSION

*Walker* worked a significant change in the law. Contrary to the rulings by this Court and the Fourth Circuit more than a decade ago, the Supreme Court has now settled that specialty plates are, in fact, government speech. When a party moves for relief under Federal Rule of Civil Procedure 60(b) and can show such a "change in . . . decisional law," a court "abuses its discretion 'when it refuses to modify an injunction . . . in light of such changes.'" *Horne v. Flores*, 557 U.S. 433, 447 (quoting *Agostini v. Felton*, 521 U.S. 203, 215 (1997)) (internal citations omitted). For these reasons and those set forth in his opening brief, Defendant Holcomb respectfully requests that the Court vacate and dissolve the injunction, allowing the Commonwealth to enforce Virginia Code § 46.2-746.22 as the General Assembly originally enacted it.

Dated:  July 16, 2015

Mark R. Herring
Attorney General of Virginia

Jeffrey M. Bourne (VSB # 75951)
Deputy Attorney General
jbourne@oag.state.va.us

Janet L. Westbrook (VSB #44649)
Senior Assistant Attorney General
jwestbrook@oag.state.va.us

Respectfully submitted,

RICHARD D. HOLCOMB,

By:  /S/ Rhodes B. Ritenour
Rhodes B. Ritenour (VSB # 71406)
Deputy Attorney General
rritenour@oag.state.va.us
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
(804) 786-6731
Fax: (804) 692-1647
RRitenour@oag.state.va.us

*Counsel for Richard D. Holcomb, Commissioner*

## CERTIFICATE OF SERVICE

I certify that on July 16, 2015, a true copy of this document was filed electronically with the Clerk of the Court using the CM/ECF system, which will then send a notice of electronic filing (NEF) to the Plaintiffs' counsel of record.

By: /S/ Rhodes B. Ritenour
Rhodes B. Ritenour (VSB # 71406)
Deputy Attorney General
rritenour@oag.state.va.us
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
(804) 786-6731
Fax: (804) 692-1647
RRitenour@oag.state.va.us