IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| SONS OF CONFEDERATE VETERANS, INC., & VIRGINIA DIVISION OF SONS OF CONFEDERATE VETERANS, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 7:99-cv-00530 |
| v. | ) ) | **MEMORANDUM OPINION** |
| RICHARD D. HOLCOMB, Commissioner of the Virginia Department of Motor Vehicles, in his official capacity, | ) ) ) ) | By: Hon. Jackson L. Kiser<br>        Senior United States District Judge |
| Defendant. | ) ) | |

In 2001, I held that specialty license plates issued by the Commonwealth of Virginia ("the Commonwealth") conveyed the speech of the driver. As such, Virginia Code § 46.2-746.22, which created a specialty license plate honoring members of the Sons of Confederate Veterans ("SCV"), but which specifically banned SCV's logo from the plate, was an impermissible restrictions on Plaintiffs' speech. I enjoined Defendant from enforcing that portion of the statute that banned SCV's logo. The Fourth Circuit Court of Appeals agreed, and the Defendant chose not to press the issue with the Supreme Court. Last month, the Supreme Court issued its opinion in Walker v. Texas Division, Sons of Confederate Veterans, Inc., which directly addressed the issue I decided in 2001, but reached the conclusion that specialty license plates represent the state's speech, not the driver's. In light of the Supreme Court's ruling, Defendant asks that I vacate the judgment entered for Plaintiffs and dissolve the injunction. The parties briefed the matter fully, and I heard oral argument on July 31, 2015. For the reasons stated in open court and set forth more fully herein, I will grant the Commonwealth's Motion, vacate the judgment, and dissolve the injunction.

## I. STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

According to the original opinion in this case:

> Plaintiffs are the Sons of Confederate Veterans, Inc., a Tennessee non-profit corporation, and the Sons of Confederate Veterans, Inc., Virginia Division ("the Sons–VA"). The groups are suing by and through Patrick J. Griffin, the Sons' Commander–in–Chief, and Robert W. Barbour, Commander of the Sons–VA. The Sons are qualified under Internal Revenue Code § 501(c)(3).
> Defendant is Richard D. Holcomb, the Commissioner of the Virginia Department of Motor Vehicles. The DMV is under Holcomb's supervision and is responsible for the specialty license plate program that is at issue in this case. Specialty license plates in Virginia have been issued that incorporate designs honoring over 300 diverse organizations, including various military veterans' organizations and fraternal organizations. Access to this program is restricted to only those groups so designated under Virginia statute.
> The statute authorizing the creation of the Sons' specialty license plates, Va. Code Ann. § 46.2–746.22, reads as follows:
>
>> Special license plates; members of the Sons of Confederate Veterans.
>>
>> On receipt of an application therefor and written evidence that the applicant is a member of the Sons of Confederate Veterans, the Commissioner shall issue special license plates to members of the Sons of Confederate Veterans. *No logo or emblem of any description shall be displayed or incorporated into the design of license plates issued under this section.*
>
> (Emphasis added).
> This language is identical to numerous other specialty license plate provisions with the sole exception of the ban on displaying any logos or emblems. This restriction was clearly aimed at excluding the organization's official logo, which incorporates the Confederate battle flag. This logo has been the Sons' official logo for over 100 years and is proprietary to the organization. Out of the scores of separate statutory provisions allowing hundreds of organizations to qualify for the special license plates, § 746.22 is the only one with any sort of speech restriction.

Sons of Confederate Veterans, Inc., v. Holcomb, 129 F. Supp. 2d 941, 942–43 (W.D. Va. 2001) (hereinafter "SCV I"). Ultimately, I found "the restricting language in § 746.22 to be an impermissible restriction on speech." Id. at 942. Because I determined "the design at issue to be the speech of the Plaintiffs," the First Amendment prohibited enforcement of the second sentence of § 746.22, which amounted to viewpoint discrimination. Id. at 943. As a result, I entered summary judgment for SCV on February 14, 2001, and enjoined Holcomb from enforcing the second sentence of § 746.22. That decision was affirmed by the Fourth Circuit. Sons of Confederate Veterans, Inc. ex rel. Griffin v. Comm'n of Va. Dept. of Motor Vehicles, 288 F.3d 610 (2002) (hereinafter "SCV II"), reh'g denied 305 F.3d 241 (2002) (en banc).

On June 18, 2015, the Supreme Court issued its opinion in Walker v. Texas Division, Sons of Confederate Veterans, Inc., 135 S. Ct. 2239 (2015), addressing whether Texas's decision to reject SCV's proposed license plate design, a design which featured the Confederate battle flag, abridged SCV's First Amendment rights. Ultimately, the Supreme Court held that, "specialty license plates issued pursuant to Texas's statutory scheme convey government speech." Id. at 2246. Because "the government can speak for itself," and because, "[w]hen the government speaks, it is not barred by the Free Speech clause from determining the content of what it says," the Supreme Court held that Texas could constitutionally exclude from its license plate SCV's proposed design and logo. Id. at 2245–46.

In light of the ruing in Walker, and pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, Defendant Richard D. Holcomb, Commissioner of the Virginia Department of Motor Vehicles, filed a motion to vacate the judgment and dissolve the injunction issued in 2001. [ECF No. 46.]

- 3 -

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b)(5) permits a party to obtain relief from a judgment or order if, among other things, "applying [the judgment or order] prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). "The significant portion of Rule 60(b)(5) is the final ground, allowing relief if it is no longer equitable for the judgment to be applied prospectively. This is based on the historic power of a court in equity to modify its decree in the light of changed circumstances." 11 Charles A. Wright, Arthur R. Miller & Mark Kay Kane, Federal Practice and Procedure § 2863 (3d ed. 2012). "Rule 60(b)(5) may not be used to challenge the legal conclusions on which a prior judgment or order rests, but the Rule provides a means by which a party can ask a court to modify or vacate a judgment or order if 'a significant change either in factual conditions or in law' renders continued enforcement 'detrimental to the public interest.'" Horne v. Flores, 557 U.S. 433, 447 (2009) (quoting Rufo v. Inmates of Suffolk Cnty. Jail, 502 U.S. 367, 384, (1992)). "The party seeking relief bears the burden of establishing that changed circumstances warrant relief, but once a party carries this burden, a court abuses its discretion 'when it refuses to modify an injunction or consent decree in light of such changes.' Agostini v. Felton, 521 U.S. 203, 215 (1997)." Horne, 557 U.S. at 447 (citing Rufo, 502 U.S. at 383).

## III. DISCUSSION

Contrary to Plaintiffs' argument, this case depends exclusively on the determination of whether specialty license plates convey private or government speech. As I stated in 2001:

> The initial inquiry, of course, is whether the license plate design implicates Plaintiffs' rights at all, or whether the design is the speech of the Commonwealth. . . . Who is speaking . . . is pivotal. If Defendant is correct in asserting that the specialty plates represent government speech, then the First Amendment rights of the Plaintiffs are not implicated whatsoever. Under this view,

- 4 -

> then, Plaintiffs' action is nothing more than an attempt to compel the Commonwealth to speak. In the alternative, Defendant also argues that specialty plates represent at least some sort of "joint speech," implicating both governmental and private speech. In either instance, Defendant maintains that it may veto the content because it cannot be compelled to speak unwillingly.

SCV I, 129 F. Supp. at 941 (citing Rosenberger v. Rectors & Visitors of the Univ. of Va., 515 U.S. 819, 833 (1995)). Ultimately I determined, "the design at issue [was] the speech of the Plaintiffs." SCV I, 129 F. Supp. 2d at 943. The Fourth Circuit agreed, holding, "the logo restriction violates the Constitution . . . ." SCV II, 288 F.3d at 614.

In Walker, the Supreme Court explicitly held, "specialty license plates . . . convey government speech." Walker, 135 S. Ct. at 2246. Thus, contrary to my earlier holding, the speech on the plates at issue *does not* represent the speech of Plaintiffs, but rather the speech of the Commonwealth. Because "the government can speak for itself," Bd. of Regents of Univ. of Wis. System v. Southworth, 529 U.S. 217, 229 (2000), and because "[w]hen government speaks, it is not barred by the Free Speech Clause from determining the content of what it says," Walker, 135 S. Ct. at 2245 (citing Pleasant Grove City v. Summum, 555 U.S. 460, 467–68 (2009)), Va. Code Ann. § 46.2-746.22 is a valid exercise of the Commonwealth's rights.

There is no merit to Plaintiffs' contention that Walker is limited solely to one of Texas's methods of selecting specialty plate designs. The Supreme Court's decision did not rely on the method used to select the plate designs, but on "the history of license plates," id. at 2248, the fact that "license plate designs 'are often closely identified in the public mind with the [State],'" id. (quoting Summum, 555 U.S. at 472), the fact that "license plates are, essentially, government IDs," id. at 2249, and the fact that "Texas maintain[ed] direct control over the messages conveyed on its specialty plates," id. Nothing in the Supreme Court's decision suggests that if the method used to select the plate is varied, the reasoning of the Court's conclusion would be

- 5 -

altered. The factors the Supreme Court relied on in Walker apply with equal force here, and the holding in Walker compels the conclusion that Virginia's specialty license plates represent the Commonwealth's speech.

Plaintiffs argue that the Commonwealth does not exercise editorial discretion over the content of the specialty plate designs, and therefore the speech remains the speech of the individual. First, the Commonwealth *does* exercise control over the design of specialty plates. Defendant, the agent of the Commonwealth, is responsible for designing and issuing specialty plates. See Va. Code Ann. § 46.2-725(A) ("No series or special license plates shall be *created or issued* by the Commissioner or the Department [of Motor Vehicles] except as authorized in this article . . . ." (emphasis added)); id. § 46.2-725(B)(3) ("All special license plates issued pursuant to this article shall be of designs prescribed by the Commissioner . . . ."). The fact that the Commissioner often adopts the proposed designs of sponsoring groups in no way undermines the Commonwealth's authority to design the plates and, thus, speak by adopting the speech of another. See Legal Servs. Corp. v. Velazquez, 531 U.S. 533, 541 (2001) (noting the proposition that viewpoint discrimination is permissible when the government speaks or, in "instances, like Rust [v. Sullivan, 500 U.S. 173 (1991)], in which the government 'used private speakers to transmit specific information pertaining to its own programs'" (quoting Rosenberger, 515 U.S. at 833).)

Second, and more importantly, the structure of § 46.2-746.22 establishes that, in the present case, the General Assembly *did* exercise the editorial discretion Plaintiffs contend is lacking by explicitly overruling a specialty license plate design. The General Assembly clearly stated that, on the SCV specialty plate, "[n]o logo or emblem of any description shall be displayed or incorporated into the design of license plates issued under this section." Va. Code

- 6 -

Ann. § 46.2-746.22. Unlike in other specialty license plate statutes, the Commonwealth has identified speech it *did not* want to make. Because the First Amendment protects the government's right to speak and "the concomitant freedom *not* to speak publicly, one which serves the same ultimate end as freedom of speech in its affirmative aspect," Harper & Row Publishers, Inc. v. Nation Enterprises, 471 U.S. 539, 559 (1985) (quoting Estate of Hemingway v. Random House, 23 N.Y.2d 341, 348 (1968)), SCV can no longer force the Commonwealth to include its logo on specialty plates issued pursuant to § 46.2-746.22. The judgment must be vacated, and the injunction dissolved.

## IV.   CONCLUSION

When the Supreme Court speaks, district courts must listen. In light of the ruling in Walker, the primary rationale for the 2001 judgment and injunction in this case is no longer good law. Specialty license plates represent the government's speech, and the Commonwealth may choose, consonant with the First Amendment, the message it wishes to convey on those plates. The Commonwealth's rationale for singling out SCV for different treatment is no longer relevant. According to the Supreme Court, the Commonwealth is free to treat SCV differently from all other specialty groups. Because the underlying injunction violates that right, I have no choice but to dissolve it.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to all counsel of record.

Entered this 6th day of August, 2015.

s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE